498 West End Avenue LLC, -Appellant, 
against
Jan Reynolds, Respondent-Tenant- Cross-Appellant, -and- Ariel Eliaz, "John Doe," and "Jane Doe," Respondents-Undertenants.



Landlord appeals and tenant cross-appeals from an order of the Civil Court of the City of New York, New York County (Jack Stoller, J.), dated July 23, 2018, which granted in part and denied in part landlord's motion for summary judgment of possession in a holdover summary proceeding.




Per Curiam. 
Order (Jack Stoller, J.), dated July 23, 2018, affirmed, without costs.
While we do not subscribe in every respect to Civil Court's analysis, we nevertheless affirm the denial, in part, of landlord's motion for summary judgment of possession. The present record raises, but does not resolve, several mixed questions of law and fact, including whether the nature and frequency of the rent stabilized tenant's rental of space in her apartment on a short-term basis to transient individuals constituted commercialization of the premises and profiteering, which is an incurable violation (see Aurora Assoc. LLC v Hennen, 157 AD3d 608 [2018]; compare Goldstein v Lipetz, 150 AD3d 562 [2017], appeal dismissed 30 NY3d 1009 [2017] [landlord demonstrated "as a matter of law" that tenant sublet her apartment to 93 individuals for 338 days over an 18 month period, at nightly rates "far in excess of her stabilized rent"]).
With respect to the cross appeal, we note that "[s]ince the alleged conduct is incurable, no notice to cure is required" (Aurora Associates LLC v Hennen, 157 AD3d at 608-609). We have considered the parties' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: December 28, 2018